UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY WILLIAMS, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KAMALA D. HARRIS, et al.,<br><br>　　　　　Respondents | Case No. EDCV 15-1403 GW(JC)<br><br>ORDER TO SHOW CAUSE<br>WHY THIS ACTION SHOULD<br>NOT BE DISMISSED |

On July 7, 2015, petitioner signed and is deemed to have constructively filed[1] a Petition for Writ of Habeas Corpus by Person in State Custody ("Petition") and exhibits ("Petition Ex."), which were formally filed on July 14, 2015. The Petition challenges petitioner's 2011 conviction in Riverside County Superior Court. (Petition at 2). Petitioner claims (1) the evidence was insufficient to support his conviction on count 3 for aggravated kidnapping ("Claim 1"); (2) the trial court prejudicially erred in instructing the jury with a modified version of CALCRIM 1203 ("Claim 2"); (3) absent reversal of the aggravated kidnapping conviction (count 3) or reduction thereof to a lesser offense, the trial court erroneously failed to stay the carjacking conviction in count 2 ("Claim 3"); and

---

[1] See Houston v. Lack, 487 U.S. 266, 276, (1988).

1

1  (4) the count 1 carjacking conviction must be reversed because the trial court
2  incorrectly determined it had jurisdiction even though the vicinage of such offense
3  was not Riverside County ("Claim 4").

### A. Order to Show Cause Why Action Should Not Be Dismissed as Time-Barred

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. Federal courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition and to dismiss on such basis, but must accord the petitioner fair notice and an opportunity to present his position before taking any action on that basis. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

The one-year limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

In this case, it appears that petitioner had one year from the date his conviction became final to file a federal habeas petition. It appears that petitioner's conviction became final on May 14, 2013, *i.e.*, ninety (90) days after the California Supreme Court denied his petition for review on February 13, 2013 (Petition at 3) – when petitioner's time to file a petition for certiorari with the

United States Supreme Court expired.[2]  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes ninety-day period within which petitioner can file petition for writ of certiorari in United States Supreme Court, whether or not petitioner actually files such petition).  Therefore, the statute of limitations commenced to run on May 15, 2013, and absent tolling, expired on May 14, 2014.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period.  Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 131 S. Ct. 3023 (2011).  Here, no state petition was pending between May 15, 2013 and May 14, 2014, the period during which the statute of limitations ran.  Although petitioner filed multiple state habeas petitions beginning on March 29, 2015 (Petition at 3-5) – more than ten months after the statute of limitations expired – such late-filed state habeas petitions cannot toll the statute of limitations.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (section 2244(d) does not permit reinitiation of limitations period that ended before state petition filed), cert. denied, 540 U.S. 924 (2003).  Accordingly, it does not appear that petitioner is entitled to any statutory tolling.

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that:  (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010).  It is a petitioner's burden to demonstrate that he is entitled to equitable tolling.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).  Here, it does not appear

---

[2]Petitioner affirmatively represents that he did not file a petition for writ of certiorari in the United States Supreme Court.  (Petition at 5).

from the face of the Petition and supporting documents that petitioner has met such burden.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S. Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

///

For the reasons discussed above, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **October 27, 2015**, why this action should not be dismissed as time-barred. Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause. All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action with prejudice based upon petitioner's claims being time-barred, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

### B. Alternative Order Re Exhaustion

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[3] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 133 S. Ct.

---

[3] A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1  424 (2012), and disposed of on the merits by the highest court of the state, Greene
2  v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal
3  court will not entertain a habeas petition unless the petitioner has exhausted the
4  available state judicial remedies on every ground presented in it. See Rose v.
5  Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust
6  issue *sua sponte* and summarily dismiss on that ground. See Granberry v. Greer,
7  481 U.S. 129, 134-35 (1987); Stone v. City & County of San Francisco, 968 F.2d
8  850, 856 (9th Cir. 1991), cert. denied, 506 U.S. 1081 (1993).

      Aside from the fact that the Petition appears to be untimely, it also appears that the Petition is "mixed" in that it contains both exhausted claims (*i.e.*, claims which have been presented to and resolved by the California Supreme Court, namely Claims 2 and 3) and unexhausted claims (*i.e.*, claims which have not been presented to and resolved by the California Supreme Court, namely Claims 1 and 4). This Court takes judicial notice of (1) the petition for review filed by petitioner in California Supreme Court Case No. S207234 on direct appeal, a copy of which has been lodged in the pending federal habeas action filed by petitioner's co-defendant, Thomas Miller, in Central District of California Case No. EDCV 14-618 GW(JC), and which reflects that petitioner raised Claims 2 and 3 therein but did not raise Claims 1 and 4 therein; and (2) the dockets of the California Supreme Court – available via http://appellatecases.courtinfo.ca.gov – which contain no record that petitioner, whose prisoner identification number is AH-3543 (Petition at 1) – has filed a habeas petition in such court. See Fed. R. Evid. 201; Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). Petitioner affirmatively concedes that Claim 4 is unexhausted (Petition at 6, 7). He also appears to concede that Claim 1 is unexhausted (and incorrectly to concede that Claim 3 is unexhausted) (Petition at 7) and, consistent with the California Supreme Court dockets, does not include any details relating to the filing of a habeas petition in the California

Supreme Court (Petition at 3-5), though he contradictorily also appears to assert that Claims 1 and 3 were included in a habeas petition filed in the California Supreme Court (Petition at 5).

    A district court generally must dismiss mixed habeas corpus proceedings, that is, proceedings which raise both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. at 522. However, a court may not dismiss a mixed petition on such basis without first permitting the petitioner the opportunity to amend the petition to delete unexhausted claims. Jefferson v. Budge, 419 F.3d 1013, 1015-16 (9th Cir. 2005) (citations omitted).

    Here, if petitioner contends in his response to this Order to Show Cause that his Petition is not time-barred, such response must also do the following: (1) If petitioner contends that he has, in fact, presented all of his claims to the California Supreme Court and that such court has ruled thereon, he shall indicate how and when petitioner raised his claims with the California Supreme Court, shall include the date of the California Supreme Court's decision regarding his claims, and shall attach a copy of such decision, if it is available; or (2) If petitioner concedes that the Petition is "mixed," he shall do one of the following: (a) voluntarily dismiss the Petition without prejudice under Federal Rules of Civil Procedure 41(a)(1), with the understanding that any later petition may be time-barred under 28 U.S.C. § 2244(d)(1); (b) voluntarily dismiss the unexhausted claims (which appear to be Claims 1 and 4) and elect either to proceed on the exhausted claims (which appear to be Claims 2 and 3), or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended) (allowing for stays of fully exhausted federal petitions without showing of good cause), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to the original exhausted claims (see Mayle v. Felix, 545 U.S. 644, 664 (2005)); (c) request that the "mixed" Petition be stayed pursuant to Rhines v. Weber, 544 U.S. 269, 277

(2005) if he can show (i) good cause for his failure earlier to exhaust the unexhausted claims in state court; (ii) the unexhausted claims are not plainly meritless; and (iii) he has not engaged in abusive litigation tactics or intentional delay); or (d) show good cause in writing why this action should not be dismissed without prejudice as "mixed."

**Petitioner is cautioned that if his response to the Order to Show Cause reflects that petitioner contends that his Petition is not time-barred, his failure further to comply with this Alternative Order Re Exhaustion in such response may result in the dismissal of this action based upon the reasons stated in this Alternative Order Re Exhaustion, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.

DATED: October 6, 2015

                                                          /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE